2011 UT App 264

**STATE of Utah, in the Interest of I.L. and G.L., persons under eighteen years of age.**

**C.L., Appellant,**

**v.**

**State of Utah, Appellee.**

**No. 20110388–CA.**

Court of Appeals of Utah.

Aug. 11, 2011.

Richard K. Clark, Salt Lake City, for Appellant.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges DAVIS, ROTH, and CHRISTIANSEN.

---

## DECISION

PER CURIAM:

¶1 C.L. (Mother) appeals the termination of her parental rights in I.L. and G.L. (Children). We affirm.

¶2 Mother first asserts that there was insufficient evidence to support the juvenile court's conclusion that Mother was an incompetent and unfit parent, that she had repeatedly failed to provide for the Children's physical and mental health needs, that she was unwilling or unable to correct the conditions which brought the Children into the State's custody, and that she made only token efforts at parenting the Children.

¶3 In order to reverse the juvenile court's decision as to the sufficiency of the evidence, "[t]he result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶12, 171 P.3d 435. The juvenile court found multiple grounds for terminating Mother's parental rights under Utah Code section 78A–6–507. Pursuant to section 78A–6–507(1), the finding of a single ground is alone sufficient to uphold the termination of parental rights. *See* Utah Code Ann. § 78A–6–507(1) (2008); *see also In re F.C. III*, 2003 UT App 397, ¶6, 81 P.3d 790.

¶4 The record supports the juvenile court's determination that Mother was an unfit and incompetent parent under Utah Code section 78A–6–507(1)(c). Utah Code section 78A–6–508(2)(c) provides that in determining whether a parent is unfit, the court shall consider a parent's "habitual or excessive use of intoxicating liquors, controlled substances, or dangerous drugs that render the parent unable to care for the child." Utah Code Ann. § 78A–6–508(2)(c). This court has also determined that a juvenile court may terminate parental rights if the parent's drug abuse renders the parent unable to care for a child. *See In re D.G.*, 938 P.2d 298, 301 (Utah Ct.App.1997). The juvenile court found that Mother has a history of drug abuse which has prevented her from properly caring for her Children. Mother admitted to illegal drug abuse, and there was sufficient evidence demonstrating that Mother's drug abuse prevented her from properly caring for her Children. Thus, we cannot say that the juvenile court erred by determining that Mother was an unfit or incompetent parent.

¶5 Mother next asserts that there was insufficient evidence to support the juvenile court's determination that it was in the Children's best interests to terminate her parental rights. If there are sufficient grounds to terminate parental rights, "the court must [then] find that the best interests and welfare of the child[ren] are served by terminating the parents' parental rights." *In re R.A.J.*, 1999 UT App 329, ¶7, 991 P.2d 1118.

¶6 The record supports the juvenile court's determination that it was in the Children's best interests to terminate Mother's parental rights. Mother's significant criminal history and drug abuse have impaired her ability to care for the Children. As a consequence of Mother's lifestyle, at least one of the Children tested positive for methamphetamine and marijuana, and as a result of Mother's actions, the child was subjected to drug withdrawal. Mother continues to engage in criminal conduct that impairs her ability to be a proper parent. When Mother was released from jail, Mother did not contact her caseworker, nor seek to visit the Children. Within days of Mother's release from jail, Mother was booked back into jail on other charges. Mother also lacks stable housing and a means to provide for the Children. The record demonstrates that Mother is unable or unwilling to provide the stability and protection that the Children require.

¶7 Conversely, the Children are living with a foster family where they are loved and cared for. The Children have bonded with their foster family, and the foster family provides for the Children's needs. The foster parents have expressed a desire to adopt the Children. Given these factors, we cannot say that the juvenile court's determination that it was in the Children's best interests to terminate Mother's parental rights was against the clear weight of the evidence.

¶ 8 Accordingly, the juvenile court's order terminating Mother's parental rights is affirmed.